CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 APR -7 A 10: 10

Aakash Dalal
SBI# 792652E
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

March 29, 2021

**VIA U.S. MAIL**
Hon. Madeline Cox Arleo, U.S.D.J.
United States District Court
M.L. King, Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      RE:    **Plaintiff's Brief in Opposition to the Motion to Dismiss of Defendants
              Matthew J. Astore, Jean M. Hartmann, and Joseph E. Krakora
              <u>Dalal v. Krakora, et al.</u>, Civil No.: 21-3439 (MCA-MF)**

Dear Judge Arleo:

      Please accept this letter brief in lieu of a more formal brief as Plaintiff Aakash Dalal's

opposition to the above-referenced Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.

## PRELIMINARY STATEMENT

      Plaintiff brought the eight-count Complaint in this matter pursuant to 42 <u>U.S.C.</u> § 1983

and the New Jersey Civil Rights Act, <u>N.J.S.</u> 10:6-1 *et seq.,* for violations of both the United

States Constitution and the New Jersey Constitution. The facts in Plaintiff's Complaint

demonstrate that the Defendants Joseph E. Krakora, the New Jersey Public Defender, and his

employees, Matthew J. Astore and Jean M. Hartmann, deprived Plaintiff of his right to counsel,

interfered with his right to counsel, and violated his right to equal protection of the laws. The

Sixth and Fourteenth Amendment to the United States Constitution and Article 1, Paragraphs 1

and 10 of the New Jersey Constitution prohibit such conduct.

Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss is premised on a distorted narrative, which omits crucial facts in the Complaint and injects extraneous information with no basis in the record. Defendants make two arguments in support of their motion: (1) they claim they cannot be sued in their official capacities; and (2) they claim they are absolutely immune because public defenders are not state actors. Their first argument is moot because they have not been sued for damages in their official capacity. Their second argument fails because they were performing administrative functions when they declined to appoint Plaintiff an attorney, blocked Plaintiff's privately retained attorney from representing him, and made extortionate demands for money.

Courts have drawn a clear distinction between public defenders performing the traditional functions of counsel, e.g., cross-examining witnesses, and their administrative functions, e.g., making fiscal or personnel decisions. While public defenders are not considered state actors as to the former functions, they are for the latter, and the Defendants' conduct here clearly falls into the administrative category. Accordingly, their motion to dismiss should be denied.

## PROCEDURAL HISTORY

On June 11, 2020, Plaintiff Aakash Dalal ("Plaintiff") brought this civil action in the Superior Court of New Jersey, Essex County Vicinage. See *ECF #1*.

On February 25, 2021, the Defendants removed the matter to this Court. See *ECF #1*.

On March 18, 2021, the Defendants moved to dismiss the Complaint. *ECF #4* ("MTD")

Plaintiff now moves in opposition to the Defendants' motion and submits that it should be denied.

## COUNTER-STATEMENT OF FACTS[1]

On March 2, 2012, Plaintiff, a 19-year old, was charged with several offenses in the Superior Court of New Jersey. Plaintiff has been incarcerated since that day. During and between March 2, 2012 and July 28, 2017, OPD employees, including OPD Assistant Deputy Public Defenders Ian Silvera and Robert Kalisch repeatedly made public statements claiming or implying Plaintiff was guilty. Silvera publicly referenced Plaintiff as a "dog"—a statement that was later published by The Record.[2]

On July 28, 2017, Plaintiff was sentenced to 35-years in state prison on the aforementioned offenses.

On August 7, 2017, Plaintiff sent a letter, via facsimile, to Krakora requesting representation from the Office of the Public Defender for his direct appeal.

On August 8, 2017, OPD Secretarial Assistant Christina I. Bytz, acting under the supervision of Astore and/or other employees of the Appellate Section, including John Does 1-10, sent a letter to the Bergen County Superior Court Criminal Division manager seeking to determine whether Plaintiff was indigent. OPD subsequently determined that Plaintiff was indeed indigent and could not afford private counsel.

OPD attorney Frank Pugliese, Esq. entered a temporary appearance on behalf of Plaintiff and filed a notice of appeal. OPD attorneys routinely filed initial notices of appeal on behalf of criminal defendants, but the same attorneys do not continue to represent those criminal

---

[1] Defendants have injected statements into their Fed. R. Civ. P. 12(b)(6) motion that have no basis in the record and fall completely outside of the appropriate facts a court may consider—the facts in the Complaint. Plaintiff's Counter-statement of Facts relies on the facts in the Complaint.
[2] The Court should take judicial notice that these public defenders never represented Plaintiff, but made these statements amidst media frenzy after Plaintiff's arrest and other proceedings.

3

defendants in matter. OPD assigns other attorneys or retains private attorneys (pool attorneys) to represent these criminal defendants and file appellate briefs.

During and between September 1, 2017 and April 1, 2018, Plaintiff repeatedly called the Appellate Section to determine whether an attorney had been assigned to his case. Each time, Plaintiff was repeatedly advised that an attorney had not been assigned. OPD employees expressed their surprise that an attorney had not yet been assigned.

During and between September 1, 2017 and August 1, 2018, Krakora, Astore, Hartmann, and John Does 1-10, acting in an administrative capacity determined that OPD would not assign Plaintiff an attorney.

In July 2018, an attorney retained by a member of Plaintiff's family attempted to enter an appearance on behalf of Plaintiff in the matter and made a request to Astore and Hartmann that OPD withdraw from the matter. Astore, Hartmann, and John Does 1-10, acting under the direction of Krakora, refused to withdraw from Plaintiff's case and advised the attorney that they would refuse to do so unless Plaintiff submitted a payment of approximately $20,000 to OPD for costs.

On July 17, 2018, at the direction of Krakora, Astore, and Hartmann, OPD employee Faye Nevous sent a letter to the Bergen County Superior Court Criminal Division Manager asking her to again "determine whether [Plaintiff] is indigent." The letter further stated that OPD "will need this document to open the file," even as OPD had already determined Plaintiff was indigent.

The Criminal Division Manager again advised OPD that Plaintiff was indeed indigent, was a college student prior to his incarceration, had no employment during his five-and-a-half years of incarceration, and could not afford an attorney.

4

Thereafter, Astore, Hartmann, and John Does 1-10, again under the direction of Krakora, continued to refuse to withdraw from the matter, thereby preventing Plaintiff's privately retained attorney from representing him in the matter. Eventually, after negotiations, Krakora agreed to withdraw from the matter if Plaintiff's family member paid OPD $7,500. In late August 2018, Plaintiff's family member paid OPD $7,500 and Krakora subsequently ordered Astore and Hartmann to withdraw from the case, allowing Plaintiff's attorney to represent him.

Similarly situated criminal defendants with pending appeals were timely assigned attorneys at no expense by Krakora, Astore, Hartmann, and John Does 1-10. The actions of Krakora, Astore, Hartmann, and John Does 1-10 caused substantial delay in Plaintiff's criminal appeal, caused Plaintiff to undertake unnecessary financial obligations, and resulted in the violation of Plaintiff's constitutionally guaranteed rights.

## LEGAL ARGUMENT

**POINT I:**      **DEFENDANTS' HAVE NOT BEEN SUED FOR DAMAGES IN THEIR OFFICIAL CAPACITY AND THEREFORE, THEIR ARGUMENT FOR DISMISSAL IS MOOT**

Defendants' argument for dismissal of all claims against them in their official capacities is moot, as they have not been sued for damages in their official capacities under § 1983 or the NJCRA. They are being sued only in their individual capacities, and the Eleventh Amendment does not preclude suits brought against state officials in their individual capacities, even if the challenged conduct was a part of their official responsibilities. Hafer v. Melo, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts.").

**POINT II:**      **DEFENDANTS ARE NOT ENTITLED TO ABSOLUTE IMMUNITY FOR PERFORMING ADMINISTRATIVE FUNCTIONS**

Defendants Krakora, Astore, and Hartmann argue that they are immune from liability under § 1983 and the NJCRA because were not acting under the color of state law. Specifically, they claim that they were acting within their "traditional functions" as criminal defense counsel. The traditional functions of counsel, however, include "enter[ing] 'not guilty' pleas, mov[ing] to suppress State's evidence, object[ing] to evidence at trial, cross-examin[ing] State's witnesses, and mak[ing] closing arguments on behalf of defendants." Polk County v. Dodson, 454 U.S. 312, 320 (1981). By contrast, the Defendants here declined to provide Plaintiff counsel at all, interfered with his right to counsel by blocking his privately retained counsel from entering an

appearance, and then made an extortionate demand. This conduct is plainly administrative in nature and renders the Defendants state actors. Id. at 325 ("It may be … that a public defender also would act under color of state law while performing certain administrative and possibly investigative functions.")

Title 2A of the New Jersey Statutes contains this state's statutes regarding "Administration of Civil and Criminal Justice". Chapter 158A establishes the OPD and sets forth the administrative duties of the Public Defender. Significantly, N.J.S. 2A:158A-5, which is entitled, "Duties of Public Defender", states, "It shall be the duty of the Public Defender to provide for the legal representation of any indigent defendant who is formally charged with the commission of an indictable offense." Among the Public Defender's administrative duties is the investigation of an indigent defendant's finances, N.J.S. 2A:158-15.1, the collection of money from an indigent defendant, N.J.S. 2A:158-16 to –20, and generally maintaining the finances of the OPD. N.J.S. 2A:158A-7.

It is abundantly clear that when public defenders decline to appoint an indigent defendant counsel, they are state actors and are not entitled to any immunity. Powers v. Hamilton Cnty. Pub. Defender Comm'n, 501 F.3d 592, 611-13 (6th Cir. 2007) (county public defender's office and commission were state actors for "systematically violat[ing] class members' constitutional rights by failing to represent them on the question of indigency" where the plaintiff "d[id] not seek to recover on the basis of the failures of his individual counsel, but [for] an alleged agency-wide policy . . . of routinely ignoring the issue of indigency in the context of non-payment of fines"); Miranda v. Clark County, Nevada, 319 F.3d 465, 469 (9th Cir. 2003) (public defender considered state actor where he reduced resources provided to clients whose polygraphs indicated they were guilty); Stonerod v. Johnson, Civ. No.: 18-2276 (SES), 2020 U.S. Dist.

LEXIS 63389 *40-41 (M.D. Pa. April 6, 2020) (chief public defender is a state actor where he establishes policy of declining to appoint counsel unless defendants make physical appearance in court); Harris v. Grant, Civ. No.: 03-1676 (CCN), 2003 U.S. Dist. LEXIS 7289 *3-4 (E.D. Pa. 2003) ("While the Supreme Court has found that lawyers hired to represent the interests of a defendant are not functioning as a state actor, it has never held that city or county department heads of public defender's offices are to be treated in the same manner.")

Defendants argue (with assertions outside of the Complaint) that the $20,000 they demanded was for "ancillary services" performed at the "public expense". Any fiscal or budgetary concerns regarding the resources of the public defenders' office are administrative in nature. As the Court in Miranda noted, in "allocating [ ] funds", a public defender is "performing essentially an administrative role". Miranda, *supra*, 319 F.3d at 469. Furthermore, while Defendants attempt to justify their conduct in refusing to allow Plaintiff's privately retained counsel to represent him unless they were paid $20,000, they clearly had other, more ethical options. N.J.S. 2A:158A-16 to –20.

There are no allegations here challenging Defendants' effectiveness as counsel in court. Indeed, Defendants' are being sued for failing to provide Plaintiff counsel at all. The OPD filed a perfunctory notice of appeal and determined some time thereafter that it would not provide Plaintiff with representation. It is significant that the Defendants are administrators in the OPD, rather than line public defenders. Krakora manages the OPD, Astore managed the OPD's Appellate Section before retirement, and a search of LexisNexis and WestLaw indicates that there are no published New Jersey opinions with Hartmann as counsel after 2009—suggesting that she functions as a manager or administrator.

Defendants' conduct, as stated in Plaintiff's Complaint, was plainly administrative in nature and as such, Defendants' claim to immunity should be rejected.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the complaint should be denied.

Respectfully submitted:

Aakash Dalal
#792652E
215 Burlington Road South
Bridgeton, NJ 08302
Plaintiff, *pro se*

Dated: March 29, 2021

9

Aakash Dalal
SBI# 792652E
215 Burlington Road South
Bridgeton, NJ 08302
Plaintiff, *pro se*



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AAKASH DALAL,<br><br>                              Plaintiff,<br><br>Vs.<br><br>JOSEPH E. KRAKORA, et al.<br><br>                              Defendants. | Civil Action No.: 21-3439 (MCA-MF)<br><br><br><br>**CERTIFICATION OF SERVICE** |

Plaintiff Aakash Dalal states as follows:

1.    I am the Plaintiff in the above-captioned matter and have full knowledge of the facts herein.

2.    On March 29, 2021, I mailed copies of the enclosed documents for filing to the Clerk of the Court of the United States District Court for the District of New Jersey at 50 Walnut Street in Newark, New Jersey.

3.    On March 29, 2021, I mailed copies of the enclosed documents to counsel for the defendants: Phoenix N. Meyers, Esq.

I certify under penalty of perjury that the foregoing statements are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Aakash Dalal,
Plaintiff, *pro se*

Dated: March 29, 2021

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 APR -7  A 10: 10

Aakash Dalal
SBI# 792652E
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

March 29, 2021

**VIA U.S. MAIL**
Clerk of the Court
United States District Court
M.L. King, Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

RE:     **Filing of Opposition Brief**
        **Dalal v. Krakora, et al., Civil No.: 21-3439 (MCA-MF)**

Dear Clerk:

        Please find enclosed for filing in the above-referenced matter the following documents:

        1.  Plaintiff's Brief in Opposition to the Motion to Dismiss of Defendants
        2.  Certification of Service

        Thank you for your attention to this matter.

                                        Respectfully submitted:

                                        Aakash Dalal,
                                        Plaintiff, *pro se*

Cc: Phoenix Meyers, Esq.

SBI# 792652E
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302

LEGAL DOCUMENTS

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 APR -7 A 10 10





belfry P&DC 080 ZIP
WED 31 MAR 2021 AM

XRAYED

CLERK OF THE COURT
U.S. DISTRICT COURT
M.L. KING, JR. FED. BLDG. & U.S. COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07102